TALLMAN, Circuit Judge,
concurring:
I concur in the Court’s disposition insofar as it deems summary judgment inappropriate in this ease.
Excessive force cases involving a deceased victim “pose a particularly difficult problem [at the summary judgment stage] because the officer defendant is often the only surviving eyewitness.” Scott v. Henrich, 39 F.3d 912, 915 (9th Cir.1994). I am *630 bound by our precedent, which clearly says the court cannot simply take officers at their word. Rather, the court must “carefully examine all the evidence in the record ... to determine whether the officer’s story is internally consistent and consistent with other known facts.” Id. (citing Hopkins v. Andaya, 958 F.2d 881, 885-88 (9th Cir.1992); Ting v. United States, 927 F.2d 1504, 1510-11 (9th Cir.1991)). That is why most jurisdictions conduct a public inquest into deaths like these in police custody. See Nev.Rev.Stat. § 259.050.
In this case, there appear to be inconsistencies in the testimonies of Officers Denney and Hutchinson. While Officer Hutchinson stated that he placed light pressure on Tucker’s back while Tucker was prone and handcuffed, Officer Denney stated that Hutchinson never placed pressure on Tucker’s back. And while Officer Hutchinson claims he got off of Tucker as soon as he heard Tucker’s pleas for air, Officer Denney never mentioned this fact in his deposition. I agree with the district court that the inconsistent testimony creates issues of fact that can only be resolved by a jury.
I write separately, however, to note that police officers have no duty to retreat when threatened with physical assault. See Reed v. Hoy, 891 F.2d 1421, 1428 (9th Cir.1989) (“[Plaintiff] has not cited to this court a single case from any jurisdiction suggesting that police officers have the same duty to retreat as ordinary citizens.”). Notwithstanding our decision in Drummond v. City of Anaheim, 343 F.3d 1052, 1059 (9th Cir.2003), officers need not flee from a suspect bent on continued attack, regardless of whether the suspect is handcuffed. Such a requirement would “be inconsistent with police officers’ duty to the public,” Reed, 891 F.2d at 1428, and would subject officers to unnecessary threats to their own health and safety. And I do not agree with the assumption implicit in the Court’s disposition that a suspect, once handcuffed, no longer poses any danger to arresting officers. See George T. Payton & Michael Amaral, Patrol Operations and Enforcement Tactics 242 (11th ed. 2004) (“Even when cuffed, a prisoner could strike a heavy blow.... Handcuffs are not escape proof. They are meant to be a temporary restraint. Don’t put too much faith in them.”).